EMILYROSE JOHNS, SBN 294319
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: emilyrose@siegelyee.com

DEBORAH M. GOLDEN, *Pro Hac Vice Forthcoming*
THE LAW OFFICE OF DEBORAH M. GOLDEN
700 Pennsylvania Ave. SE, 2nd Floor
Washington, DC 20003
Telephone: (202) 630-0332
Email: dgolden@debgoldenlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| S.B.R., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA; JACOBO OLAVARRIETA, in his individual capacity. <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES AND JURY DEMAND** |

## INTRODUCTION

1. Plaintiff S.B.R. served a sentence in the Bureau of Prisons and was housed at Federal Corrections Institution Dublin ("FCI Dublin"), known openly at the time as "the Rape Club," for nearly five years.

2. While housed at FCI Dublin, Plaintiff S.B.R. faced ongoing sexual harassment, sexual assault, grooming, and manipulation, resulting in long-lasting traumatization.

3. Other staff members at FCI Dublin, all the way up through Bureau of Prisons leadership, were aware of the culture of sexual abuse at FCI Dublin and did nothing to meaningfully respond or otherwise protect the people incarcerated there.

## JURISDICTION AND VENUE

4. An actual, present, and justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201(a).

5. This action involves claims arising under United States and California laws. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.

6. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. Assignment is appropriate in the Oakland Division of this Court because that is where "a substantial part of the events or omissions giving rise to the claim[s] occurred." Furthermore, several related cases have already been assigned to District Judge Yvonne Gonzalez Rogers, and Plaintiff S.B.R. will be filing an administrative motion to relate this case to those other cases.

## PARTIES

8. Plaintiff S.B.R. was at all times relevant here incarcerated in FCI Dublin.

9. Defendant United States of America Federal Bureau of Prisons ("BOP") is a governmental entity that operates and is in possession and control of the Federal Correctional Institute Dublin. FCI Dublin is a federal female low-security correctional institution.

10. Defendant Olavarrieta was a Correctional Officer at FCI Dublin. He is sued in his individual capacity.

11. While acting and failing to act as alleged herein, Defendant United States had complete custody and total control of Plaintiff S.B.R. Plaintiff S.B.R. was dependent upon Defendant United States for her personal security and necessities.

12. In performing the acts and/or omissions contained herein, Defendant Olavarrieta acted under color of federal law, and Plaintiff S.B.R. is informed and believes he acted maliciously, callously, intentionally, recklessly, with gross negligence, and with deliberate

indifference to the rights and personal security of Plaintiff S.B.R. He knew or should have known that his conduct, attitudes, actions, and omissions were, and are, a threat to Plaintiff S.B.R. and to her constitutionally and statutorily protected rights. Despite this knowledge, Defendants United States and Olavarrieta failed to take steps to protect Plaintiff S.B.R. and to ensure her rights to safety from sexual abuse.

**FACTS**

13. Plaintiff S.B.R. was incarcerated at FCI Dublin from May 2013 until 2018.

14. Beginning at the end of 2013, Defendant Olavarrieta began paying unusual attention to Plaintiff S.B.R and went to work on her unit.

15. Defendant Olavarrieta was very friendly and flirty with other prisoners.

16. Plaintiff S.B.R. tried to stay away from him and was wary of his attention.

17. Plaintiff S.B.R. was in prison for the first time in her life, in a foreign country, far from her family.

18. She spoke only Spanish fluently, and the language barrier contributed to her isolation.

19. Plaintiff S.B.R. felt very alone and vulnerable, and Defendant Olavarrieta picked up on her vulnerability by asking her personal questions about her family.

20. Defendant Olavarrieta, who spoke Spanish fluently, capitalized on her isolation and loneliness.

21. During his rounds, Defendant Olavarrieta would regularly seek Plaintiff S.B.R. out and try to engage her in small talk.

22. Although Plaintiff S.B.R. was hesitant, Defendant Olavarrieta was persistent.

23. Defendant Olavarrieta followed her for months around the prison. He exercised dominion and control over her until he wore her down and she started engaging with him more and more.

24. Any officer or staff member exercising reasonable care would have noticed Defendant Olavarrieta following Plaintiff S.B.R. around.

25. It was the duty of any officer who saw this behavior to report it.

26. Yet, on information and belief, this did not happen.

27. Instead, Defendant Olavarrieta continued to have prolonged, uninterrupted access to Plaintiff S.B.R., where he began asking her personal questions, including whether she was married and whether she would ever go out with him.

28. This escalated to Defendant Olavarrieta bombarding Plaintiff S.B.R. with compliments and romantic promises, saying that he saw his life outside of FCI Dublin with her.

29. Defendant Olavarrieta would tell Plaintiff S.B.R. that he wanted to marry her and move to Mexico with her.

30. Additionally, Defendant Olavarrieta also generated conflict and jealousy between them by continuing to flirt with and seek attention from other prisoners.

31. He would then repent and convince Plaintiff S.B.R. that he was sorry and that she was the only person that he wanted to be with.

32. In this way, Defendant Olavarrieta kept Plaintiff S.B.R. in his grasp, through a cycle of abuse known as the power and control wheel.

33. On two occasions before Plaintiff S.B.R. was transferred out of FCI Dublin, Defendant Olavarrieta kissed Plaintiff S.B.R., groped her buttocks, and groped her breasts.

34. Additionally, before Plaintiff S.B.R. was transferred from FCI Dublin, Defendant Olavarrieta made a grand gesture by proposing marriage to her.

35. After Plaintiff S.B.R. was transferred out of FCI Dublin and pending deportation to Mexico, Defendant Olavarrieta contacted her family.

36. Defendant Olavarrieta got access to Plaintiff S.B.R.'s brother's email and emailed Plaintiff S.B.R. from that email address while she was still in BOP custody and while he remained a BOP employee.

37. This allowed Defendant Olavarrieta to keep in contact with Plaintiff S.B.R. without detection by the BOP and to keep control over her while she was in BOP custody but physically separated from him.

38. When Plaintiff S.B.R. was released from BOP custody, Defendant Olavarrieta picked her up from prison.

*S.B.R. v. United States of America*, No.
Complaint for Damages and Jury Demand - 4

39. About a month after her release, Defendant Olavarrieta followed Plaintiff S.B.R. to Mexico and insisted that she move into a house with him there.

40. During the two years that followed, Defendant Olavarrieta physically, emotionally, and mentally abused Plaintiff S.B.R..

41. Defendant Olavarrieta told Plaintiff S.B.R. what she could and could not wear, emphasizing that she belonged to him.

42. Defendant Olavarrieta regularly searched her belongings and interrogated her.

43. Defendant Olavarrieta did not allow Plaintiff S.B.R. to have social media, make friends, or visit her parents alone.

44. He set a curfew for Plaintiff S.B.R., and if she didn't respect it, he would punish her for it.

45. As punishment, he would take away Plaintiff S.B.R.'s cell phone so that she could not ask for help, and he would then lock her outside on the apartment balcony for hours, leaving her cold and hungry.

46. Defendant Olavarrieta also gaslit Plaintiff S.B.R. extensively. He would clandestinely take things from her, like her clothing and other belongings, and when she would ask him about it, he told her that she was going crazy.

47. Defendant Olavarrieta did not allow Plaintiff S.B.R. to go to school or work, and as a result, he controlled all of the finances. This financial abuse made her entirely dependent on him.

48. When Plaintiff S.B.R. finally started to challenge Defendant Olavarrieta's abusive behavior, he responded with physical abuse and beatings.

49. The day in 2021 when Plaintiff S.B.R. finally escaped her relationship with Defendant Olavarrieta, she was terrified.

50. She was forced to execute an intricate plan with the assistance of her family, which resulted in a harrowing escape.

51. Plaintiff S.B.R.'s brother had left his car and keys at the apartment where Plaintiff S.B.R. lived so that she could drive away.

52. When Plaintiff S.B.R. left, Defendant Olavarrieta followed her in his own car.

53. While on the highway, at high speed, Defendant Olavarrieta attempted to cause an accident by hitting his car multiple times against the one that Plaintiff S.B.R. was driving.

54. Plaintiff S.B.R. was able to reach her brother's house, and at that point, Defendant Olavarrieta drove away.

55. Defendant Olavarrieta continued to stalk her and threaten her and her family.

56. Plaintiff S.B.R. was forced to move to further evade him.

57. For years after Plaintiff S.B.R. was able to escape him, Defendant Olavarrieta would create fake social media profiles and use fake numbers to contact Plaintiff S.B.R. and members of her family. He would try and convince her to return to him.

58. In October 2024, Defendant Olavarrieta attempted to contact her through her son.

59. To this day, despite having moved away, Plaintiff S.B.R. is still terrified of Defendant Olavarrieta physically hurting her or members of her family.

60. As a result of the abuse and intentional targeting she suffered from Defendant Olavarrieta both pre- and post-release from BOP custody, Plaintiff S.B.R. has seen a psychiatrist and is now regularly on antidepressants.

61. Plaintiff S.B.R. suffers from post-traumatic stress disorder and now recognizes the way that Defendant Olavarrieta was able to target her while at FCI Dublin because there was little to no oversight or protection for her or others within FCI Dublin.

## EXHAUSTION

62. On March 19, 2025, Plaintiff S.B.R., through counsel, mailed an administrative claim under the FTCA to the BOP's Western Regional Office.

63. The BOP acknowledged receipt on April 4, 2025.

64. The BOP has not substantively responded to her claim.

## EQUITABLE TOLLING

65. Plaintiff S.B.R. is entitled to equitable tolling for her FTCA Claim received by the BOP on April 4, 2025.

66. The FTCA's statute of limitations is subject to equitable tolling. *United States v. Wong*, 575 U.S. 402, 420 (2015).

67. Equitable tolling applies when 1) a plaintiff pursued their rights diligently, and 2) extraordinary circumstances prevented timely filing. *Wong v. Beebe*, 732 F. 2d 1030, 1052 (9th Cir. 2013).

68. Courts have long recognized that survivors of sexual abuse may be entitled to equitable tolling where trauma, fear, retaliation, and coercion prevented timely filing. *See* e.g., *Su v. United States*, No. 4:25-cv-00329-YGR (N.D. Cal. Sept. 3, 2025), ECF No. 24; *Stoll v. Runyon*, 165 F. 3d 1238, 1242 (9th Cir. 1999) (equitable tolling is appropriate where sexual abuse and post-traumatic stress disorder rendered the plaintiff unable to timely pursue claim)).

69. Plaintiff S.B.R. clearly faced extraordinary circumstances, preventing the timely filing of her FTCA claim.

70. Because Plaintiff S.B.R. remained incarcerated within the BOP until 2018, was in regular contact with Defendant Olavarrieta, who regularly beat, abused, and threatened her and her family, until 2021, and who has continued to contact and stalk her to this day, she continued to experience extraordinary circumstances preventing her from freely accessing the courts or safely pursuing her claims. As long as she remained under BOP custody and control, the threats, coercion, and fear of retaliation continued to silence her.

71. A court-appointed Special Master confirmed that during the time of Plaintiff S. B. R.'s incarceration, "there was no safe or consistent path women could take to file sex abuse complaints," that women were "intimidated and forced to justify why they needed to complete [PREA] forms in the first place, " and that women who tried to report abuse were met with retaliation, including solitary confinement and wrongful disciplinary infractions which extended their incarceration.[1]

---

[1] Lisa Fernandez, FCI Dublin Special Master Finds 'Cascade Failures at Women's Prison, KTVU (Aug. 20, 2024), https://www.ktvu.com/news/fci-dublin-special-master-finds-cascade-failures-womens-prison; Lisa Fernandez, Special Master Issues 1st Report on FCI Dublin Sex Assault, KTVU (Aug. 19, 2024), https://www.ktvu.com/news/special-master-issues-1st-report-fci-dublin-sex-assault; Lisa Fernandez, FCI Dublin Special Master Authorized to Ensure Women Care for at Other Prisons: Judge, KTVU (May 21, 2024), https://www.ktvu.com/news/fci-dublin-special-master-authorized-to-ensure-women-cared-for-at-other-prisons-judge

*S.B.R. v. United States of America*, No.
Complaint for Damages and Jury Demand - 7

72. Plaintiff S.B.R. consulted with Centro Legal de La Raza, but she was not given any information about filing a claim for damages with the BOP or told that there was a statute of limitations.

73. Once Plaintiff S.B.R. was connected with the undersigned, she diligently pursued her rights by initiating this claim.

74. Plaintiff S.B.R. is still extremely afraid of the possibility that Defendant Olavarrieta will find her.

75. Defendant Olavarrieta is in contact with a former Dublin prisoner who lives close to Plaintiff S.B.R.'s home, putting Plaintiff S.B.R. in even more fear for her safety.

76. Defendant Olavarrieta continues to harass Plaintiff S.B.R. by creating new profiles and trying to interact with her through her personal and work social media accounts.

77. Defendant Olavarrieta has even sent messages to Plaintiff S.B.R.'s son.

78. It took tremendous courage for Plaintiff S.B.R. to come forward when she did, as she still fears for her life daily.

79. Plaintiff S.B.R. has further demonstrated that she faced extraordinary circumstances preventing her from filing within the ordinary FTCA statutory period.

80. Defendants are not entitled to benefit from their own misconduct. Equitable tolling of Plaintiff S. B. R.'s statute of limitations prevents this very result. Without the equitable tolling of Plaintiff's statute of limitations, Defendants would be rewarded for the very intimidation, retaliation, and constitutional violations that prevented Plaintiff from asserting her claim within the statutory period.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### GENDER VIOLENCE
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 52.4)

81. Plaintiff S.B.R. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

82. Plaintiff S.B.R. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against the United States based on the conduct of its employee, Olavarrieta.

83. The United States is named as a defendant for the acts of these individual employees under the Federal Tort Claims Act.

84. This federal employee engaged in the wrongful conduct alleged while in the course and scope of their employment as a federal employee.

85. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

86. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

87. Defendant Olavarrieta discriminated against Plaintiff S.B.R. based on her gender when he repeatedly sexually abused her by physically subjecting her to sexual acts.

88. By these acts, Defendant Olavarrieta caused Plaintiff S.B.R. physical, mental, and emotional injuries as well as injury to her personal dignity.

**SECOND CLAIM FOR RELIEF**
**GENDER VIOLENCE**
**(against Defendant Olavarrieta)**
**(FTCA; Cal. Civ. Code § 52.4)**

89. Plaintiff S.B.R. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

90. Plaintiff S.B.R. brings this claim under the Federal Tort Claims Act for gender violence under California Civil Code § 52.4 against Defendant Olavarrieta.

91. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

92. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

93. He continued to exercise power and control over her after her incarceration through emotional, psychological, physical, sexual, and financial abuse and stalking.

94. Under California law, any person subjected to gender violence may bring a civil action for damages. Gender violence is a form of sex discrimination that includes a physical intrusion or invasion of a sexual nature under coercive conditions.

95. Plaintiff has a nonfrivolous argument that Defendant Olavarrieta bears individual liability and is not shielded by the Westfall Act, 28 U.S.C. § 2679, for the acts and omissions here, which are violations of the U.S. Constitution.

96. Defendant Olavarrieta discriminated against Plaintiff S.B.R. based on her gender when he repeatedly sexually abused her.

97. By these acts, Defendant Olavarrieta caused Plaintiff S.B.R. mental and emotional injuries as well as injury to her personal dignity.

**THIRD CLAIM FOR RELIEF**
**SEXUAL ASSAULT**
**(against Defendant United States)**
**(FTCA; California Common Law)**

98. Plaintiff S.B.R. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

99. Plaintiff S.B.R. brings this claim for sexual assault under the Federal Tort Claims Act for violation of California common law against the United States based on the conduct of its employee, Olavarrieta.

100. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

101. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

102. Defendant Olavarrieta violated Plaintiff S.B.R.'s right to be free from sexual assault by repeatedly sexually abusing her while she was incarcerated and using his position of power at FCI Dublin to groom, manipulate, and stalk Plaintiff S.B.R. and ultimately emotionally, psychologically, physically, sexually, and financially abuse her after her incarceration.

103. Defendant Olavarrieta's sexual abuse of Plaintiff S.B.R. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

104. Defendant Olavarrieta subjected Plaintiff S.B.R. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff S.B.R.'s person.

105. By intentionally subjecting Plaintiff S.B.R. to sexual acts, Olavarrieta acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

106. By repeatedly subjecting Plaintiff S.B.R. to sexual acts, Defendant Olavarrieta caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

**FOURTH CLAIM FOR RELIEF**
**SEXUAL ASSAULT**
**(against Defendant Olavarrieta)**
**(California Common Law)**

107. Plaintiff S.B.R. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

108. Plaintiff S.B.R. brings this claim for sexual assault under California common law against Olavarrieta.

109. Defendant Olavarrieta violated Plaintiff S.B.R.'s right to be free from sexual assault by repeatedly sexually abusing her while she was incarcerated and using his position of power at FCI Dublin to groom, manipulate, and stalk Plaintiff S.B.R. and ultimately emotionally, psychologically, physically, sexually, and financially abuse her after her incarceration.

110. Defendant Olavarrieta's sexual abuse of Plaintiff S.B.R. was deeply offensive to her personal dignity and would offend a person of ordinary sensitivity.

111. Defendant Olavarrieta subjected Plaintiff S.B.R. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff S.B.R.'s person.

112. By intentionally subjecting Plaintiff S.B.R. to sexual acts, Defendant Olavarrieta acted maliciously, in a manner that is deeply offensive to human dignity and void of any penological justification.

113. By repeatedly subjecting Plaintiff S.B.R. to sexual acts, Defendant Olavarrieta caused her to suffer physical, mental, and emotional injuries, as well as injuries to her personal dignity.

**FIFTH CLAIM FOR RELIEF**
**SEXUAL BATTERY**
**(against Defendant United States)**
**(FTCA; Cal. Civ. Code § 1708.5)**

114. Plaintiff S.B.R. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

115. Plaintiff S.B.R. brings this claim for sexual battery under the Federal Tort Claims Act based on California Civil Code § 1708.5 against the United States for the conduct of its employee, Defendant Olavarrieta.

116. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

117. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

118. Defendant Olavarrieta committed sexual battery against Plaintiff S.B.R. by repeatedly sexually abusing her while she was incarcerated at FCI Dublin and physically and sexually abusing her after her incarceration.

119. The sexual abuse of Plaintiff S.B.R. was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

120. Defendant Olavarrieta subjected Plaintiff S.B.R. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff S.B.R.'s person.

**SIXTH CLAIM FOR RELIEF**
**SEXUAL BATTERY**
**(against Defendant Olavarrieta)**
**(Cal. Civ. Code § 1708.5)**

121. Plaintiff S.B.R. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

122. Plaintiff S.B.R. brings this claim for sexual battery under California Civil Code § 1708.5 against Olavarrieta.

123. Defendant Olavarrieta committed sexual battery against Plaintiff S.B.R. by repeatedly sexually abusing her while she was incarcerated at FCI Dublin and physically and sexually abusing her after her incarceration.

124. The sexual abuse of Plaintiff S.B.R. was deeply offensive to her personal dignity, would offend a person of ordinary sensitivity, and was unwarranted by the social usages in prison when the contact was made.

125. Defendant Olavarrieta subjected Plaintiff S.B.R. to these sexual acts with the intent to cause a harmful or offensive contact with Plaintiff S.B.R.'s person.

**SEVENTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendant United States)**
**(FTCA; California Common Law)**

126. Plaintiff S.B.R. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

127. Plaintiff S.B.R. brings this claim under the Federal Tort Claims Act for the intentional infliction of emotional distress against the United States based on the conduct of Defendant Olavarrieta.

128. This federal employee engaged in the wrongful conduct alleged while in the course and scope of his employment as a federal employee.

129. His position as a correctional officer was essential to his commission of tortious misconduct, which could not have occurred absent his federal employment.

130. Defendant Olavarrieta engaged in outrageous conduct by repeatedly subjecting Plaintiff S.B.R. to sexual acts while she was incarcerated as a prisoner in his employer's custody and using his position of power at FCI Dublin to groom, manipulate, and stalk Plaintiff S.B.R. and ultimately emotionally, psychologically, physically, sexually, and financially abuse her after her incarceration. He abused his authority over Plaintiff S.B.R. and his power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

131. Defendant Olavarrieta's sexual abuse caused Plaintiff S.B.R. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so

substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

132. Defendant Olavarrieta intended to cause Plaintiff S.B.R. this emotional distress because he knew that emotional distress was likely to result from his sexual abuse of a prisoner.

**EIGHTH CLAIM FOR RELIEF**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(against Defendant Olavarrieta)**
**(California Common Law)**

133. Plaintiff S.B.R. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

134. Plaintiff S.B.R. brings this claim for the intentional infliction of emotional distress against Olavarrieta.

135. Defendant Olavarrieta engaged in outrageous conduct by repeatedly subjecting Plaintiff S.B.R. to sexual acts while she was incarcerated as a prisoner in his employer's custody and by coercing her into sexual acts by using physical, emotional, psychological and financial abuse after her release from custody. He abused his authority over Plaintiff S.B.R. and his power to affect her in a manner that was beyond all bounds of decency and must be regarded as atrocious and utterly intolerable in a civilized society.

136. Defendant Olavarrieta's sexual abuse caused Plaintiff S.B.R. to suffer, and continue to suffer, severe emotional distress, including fear, depression, and anxiety. This distress was so substantial and enduring that no reasonable person in a civilized society should be expected to endure it.

137. Olavarrieta intended to cause Plaintiff S.B.R. this emotional distress because he knew that emotional distress was likely to result from his sexual abuse of a prisoner.

**NINTH CLAIM FOR RELIEF**
**BANE ACT**
**(against all Defendants)**
**(FTCA; Cal. Civ. Code § 52.1)**

138. Plaintiff S.B.R. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

139. Defendant Olavarrieta violated Plaintiff S.B.R.'s rights to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

140. Defendant United States, by the actions of its employee Olavarrieta, interfered with Plaintiff S.B.R.'s right to protection from bodily restraint, harm, and insult, as secured by California Civil Code § 43; her rights under the California Constitution to be free of the imposition of punishment without due process, cruel and unusual punishment, and the right to be free from sexual violation; and her right under the Eighth Amendment to the United States Constitution to be free of cruel and unusual punishment, by threat, intimidation, and/or coercion.

141. As a proximate result of these acts, Plaintiff S.B.R. sustained damage and injury.

**TENTH CLAIM FOR RELIEF**
**TRAFFICKING VICTIMS PROTECTION ACT**
**(against all Defendants)**
**(18 U.S.C. § 1581, *et seq.*)**

142. Plaintiff S.B.R. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

143. Defendant Olavarrieta knowingly recruited, enticed, and solicited Plaintiff S.B.R. by offering benefits and things of value—including by presenting her with gifts and by not subjecting her to emotional, psychological, physical, or financial abuse if she acquiesced—for engaging in sex acts.

144. Defendant Olavarrieta made Plaintiff S.B.R. engage in sex acts through force and coercion.

145. This conduct has caused Plaintiff S.B.R. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm, and she has a claim for damages for such violations under 18 U.S.C. § 1591, 18 U.S.C. § 1595.

///

///

## ELEVENTH CLAIM FOR RELIEF
## CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT
### (against Defendant United States)
### (FTCA; Cal. Civ. Code § 52.5)

146. Plaintiff S.B.R. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

147. Defendant Olavarrieta knowingly recruited, enticed, and solicited Plaintiff S.B.R. by offering benefits and things of value—including by presenting her with gifts and by not subjecting her to emotional, psychological, physical, or financial abuse if she acquiesced—for engaging in sex acts.

148. Defendant Olavarrieta made Plaintiff S.B.R. engage in sex acts through force and coercion.

149. Defendant United States employed Defendant Olavarrieta, whose actions and/or inactions occurred while they were acting as federal employees under the color of law.

150. This conduct has caused Plaintiff S.B.R. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

## TWELFTH CLAIM FOR RELIEF
## CALIFORNIA TRAFFICKING VICTIMS PROTECTION ACT
### (against Defendant Olavarrieta)
### (Cal. Civ. Code § 52.5)

151. Plaintiff S.B.R. repeats and incorporates by reference every allegation contained in the preceding paragraphs as if fully set forth herein.

152. Defendant Olavarrieta knowingly recruited, enticed, and solicited Plaintiff S.B.R. by offering benefits and things of value—including by presenting her with gifts and by not subjecting her to emotional, psychological, physical, or financial abuse if she acquiesced—for engaging in sex acts.

153. Defendant Olavarrieta made Plaintiff S.B.R. engage in sex acts through force and coercion.

154. This conduct has caused Plaintiff S.B.R. serious harm, including, without limitation, physical, psychological, emotional, financial, and reputational harm.

///

**PRAYER FOR RELIEF**

155. Plaintiff S.B.R. prays for judgment against Defendant, and each of them, as follows:

    (a) An award of damages, including compensatory, special, punitive, and nominal damages, to Plaintiff S.B.R. in an amount to be determined at trial;

    (b) An award to Plaintiff S.B.R. of the costs of this suit and reasonable attorneys' fees and litigation expenses, including expert witness fees; and

    (c) For such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMAND**

Plaintiff S.B.R. hereby respectfully demands a jury trial, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: November 4, 2025

SIEGEL, YEE, BRUNNER & MEHTA

By:_____
    EmilyRose Johns

THE LAW OFFICE OF DEBORAH M. GOLDEN

By: /s/ *Deborah M. Golden*
    Deborah M. Golden

DC Bar # 470-578
Motion for *pro hac vice* forthcoming

*Attorneys for Plaintiff*